# 22-4642

# United States Court of Appeals
## for the
# Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff/Appellee,*

– v. –

RAYMOND DUGAN,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT CHARLESTON

# REDACTED REPLY
# BRIEF OF APPELLANT

SHAWN A. MORGAN
STEPTOE & JOHNSON, PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
(304) 933-8119

*Counsel for Appellant*

COUNSEL PRESS • VA – (804) 648-3664

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

INTRODUCTION ..............................................................................................1

ARGUMENT .....................................................................................................2

    I.     The District Court erred in denying Mr. Dugan's motion to compel under *Brady* and Rule 16(a)(1)(E)..............................................2

    II.    The District Court erred in denying Mr. Dugan's motion to suppress ................................................................................................6

    III.   The District Court erred when it ordered Mr. Dugan to pay $22,000.00 in restitution...................................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**CASES**

*Berger v. State of N.Y.*,
　388 U.S. 41 (1967) ................................................................................................9

*Brady v. Maryland*,
　373 U.S. 83 (1963) ................................................................................................2

*Camara v. Mun. Court*,
　387 U.S. 523 (1967) ..............................................................................................9

*Love v. Johnson*,
　57 F.3d 1305 (4th Cir. 1995) ................................................................................5

*Miranda v. Arizona*,
　384 U.S. 436 (1966) ..............................................................................................3

*United States v. Abu Ali*,
　528 F.3d 210 (4th Cir. 2008) ................................................................................3

*United States v. Budziak*,
　697 F.3d 1105 (9th Cir. 2012) ...................................................................... 4, 5, 6

*United States v. Carrasquillo-Plaza*,
　873 F.2d 10 (1st Cir. 1989) ...................................................................................5

*United States v. Leon*,
　468 U.S. 897 (1984) ..............................................................................................8

*United States v. Mitrovich*,
　458 F.Supp.3d 961 (N.D. Ill. 2020) ...................................................................4, 5

*United States v. Olano*,
　507 U.S. 725 (1993) ...........................................................................................7, 8

*United States v. Rolle*,
　204 F.3d 133 (4th Cir. 2000) ................................................................................9

*United States v. Thompson*,
  944 F.2d 1331 (7th Cir. 1991)..................................................................................5

*United States v. Young*,
  470 U.S. 1 (1985) .......................................................................................................7

## **STATUTES**

18 U.S.C. § 2259.............................................................................................. 9, 10, 11

18 U.S.C. § 3664(e) ...............................................................................................11

## **RULES**

Federal Rule of Criminal Procedure 16 .................................................. 2, 3, 5, 6

## **CONSTITUTIONAL PROVISIONS**

Fourth Amendment to the U.S. Constitution .............................................................9

# **INTRODUCTION**

The Government asks this Court—and Mr. Dugan—to rely on its own word that the discovery Mr. Dugan seeks is "fantastical." But its own brief demonstrates that the discovery sought is firmly rooted in reality—indeed, in the same search warrant affidavit on which the Government repeatedly relies. The Government cites to the ██████████████████████████████████████████ ██████████████████ while simultaneously arguing there is no evidence of a joint venture. It also ignores that the same ██████████████████████████ ██████████████████████████████████ while contending there is no evidence that the ██████████████████████████████████████████. Ultimately, the Government asks Mr. Dugan to prove the facts supporting his motion to compel as it withholds the information needed to do so.

Its probable cause arguments fair no better. The Government fails to address the affidavit's most critical omissions, including that ██████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████. As to restitution, the Government fails to cite anything in the record tying the victims' harms to Mr. Dugan.

The Court should reverse the denial of the motion to compel and motion to suppress and reverse Mr. Dugan's conviction. If it does not reverse Mr. Dugan's conviction, it should reverse the restitution order.

# ARGUMENT

**I.     The District Court erred in denying Mr. Dugan's motion to compel under *Brady* and Rule 16(a)(1)(E).**

The Government claims that the District Court properly denied Mr. Dugan's motion to compel because Mr. Dugan's arguments as to materiality are "mere speculation." Gov't Br. at 18–19. The Government's argument falls under its own weight.

First, as to the ███████████████████████████████████████, there is evidence in the record—specifically, Agent Fleener's affidavit—which shows that ████████████████████████████████████████████████████████████████ ███████████████. The Government, itself, relies on this evidence on appeal to support its argument that the affidavit was supported by probable cause. *See, e.g.*, Gov't Br. at 7 (relying on the ███████████████████████████████████████████ ████████████████████████████████████ as set forth in Agent Fleener's affidavit (cleaned up)); *id.* (relying on the affidavit's statement that ████████████████████████████████████████████████████████████████ ████████████████████████████████████); *id.* at 25–26 (relying on the ████████████████████████████████████████). The Government cannot rely on evidence of cooperation to support its arguments and also disclaim such evidence to prevent Mr. Dugan from obtaining documents and information material to his defense.

2

Despite its reliance on the █████████████████████ ████████████████, the Government claims that this cooperation "does not suggest an agency relationship." *Id.* at 21. For this proposition, the Government relies solely on *United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008). But *Abu Ali* only "derive[d] one general rule," which is inapplicable here. *Id.* at 229. *Abu Ali* held that the "mere presence" of agents of the United States at an interrogation did not constitute the participation necessary for a joint venture and thus did not violate *Miranda v. Arizona*, 384 U.S. 436 (1966). *Abu Ali*, 528 F.3d at 229. *Abu Ali* did not address the showing required under Rule 16 or the application of the joint venture doctrine in the context of the search of an electronic device. Nor did it address whether a joint venture exists when there is a ██████████████████████ ████████████████████████████████████████████████████████████████████ ████.

Second, the search warrant affidavit on which the Government relies also supports that ██████████████████████████████████████████████████████. According to the Government, Mr. Dugan's argument is based on trial counsel's understanding of how Tor operates. *See* Gov't Br. at 20. But the affidavit, itself— which the Government refers to as "concrete evidence"—████████████████████. *Id.* at 21; *see id.* at 5 (relying on the affidavit to state that ███████████████████ ██████████████████████████████████████████). Specifically, the affidavit

3

provides that . JA463 (emphasis added).

. *See United States v. Mitrovich*, 458 F.Supp.3d 961, 967 (N.D. Ill. 2020) (accepting defendant's argument that "because of the way the Tor Network and Tor Browser operates, the hyperlink [to the external child pornography video file] must have contained malware that forced [his] computer to send the identifying information to" the FLA and granting defendant's motion to compel related discovery).

As explained in Mr. Dugan's opening brief, courts have compelled the same information in similar circumstances. *See* Opening Br. at 20–21 (citing *Mitrovich*, 458 F.Supp.3d at 964, 966–67, and *United States v. Budziak*, 697 F.3d 1105, 1107, 1113 (9th Cir. 2012)). *Mitrovich*, for example, relied on the defendant's assertion that it was "likely" that malware was used because malware was used "to discover IP addresses ***in other investigations***." 458 F.Supp.3d at 966–67 (emphasis added). *Mitrovich* also relied on "the way the Tor Network and Tor Browser operates" to conclude that the defendant made a *prima facie* showing that malware was used to obtain his IP address. Here, too, Mr. Dugan relies on

4

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Yet the Government provides no mention of *Mitrovich* in its response. Why? Because it directly rebuts the Government's contention that Mr. Dugan failed to make a *prima facie* showing.[1]

At bottom, the Government contends that Mr. Dugan turns Rule 16 "on its head" when, in fact, it is the Government that does so. Rule 16 only requires Mr. Dugan to make a *prima facie* showing of materiality. *See United States v. Carrasquillo-Plaza*, 873 F.2d 10, 12 (1st Cir. 1989) (holding that a defendant need only make a *prima facie* showing of materiality under Rule 16); *United States v. Thompson*, 944 F.2d 1331, 1341 (7th Cir. 1991) (same). Where "an accused cannot possibly know, but may only suspect, that particular information exists . . . he is not required . . . to make a particular showing of the exact information sought." *Love v. Johnson*, 57 F.3d 1305, 1313 (4th Cir. 1995). Rather, the defendant must only make "some plausible showing." *Id.* Mr. Dugan has exceeded this threshold here.

The Government's position, instead, requires Mr. Dugan to prove that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ without providing the documents and information needed make such a showing. Not only is this reasoning circular, it is also dangerous.

---

[1] The Government likewise provides no discussion of *Budziak* in its briefing on appeal. Instead, it merely includes *Budziak* in a string cite for the unremarkable proposition that a defendant's threshold showing of materiality must not be based on conclusory allegations. *See* Gov't Br. at 19.

5

The Government should not be permitted to sit on allegedly unrecoverable evidence and then rely on the lack of evidence to prevent Mr. Dugan from prevailing on his motion to compel and motion to suppress. *See Budziak*, 697 F.3d at 1113 ("While we have no reason to doubt the government's good faith in such matters [referring to Rule 16 requests], criminal defendants should not have to rely solely on the government's word that further discovery is unnecessary."). This Court should reverse the District Court's denial of Mr. Dugan's motion to compel and reverse Mr. Dugan's conviction.

## II.     The District Court erred in denying Mr. Dugan's motion to suppress.

Similar to its arguments relating to the motion to compel, the Government's brief merely confirms that the search warrant affidavit was not supported by probable cause. In its response, the Government addresses two of the deficiencies in the search warrant affidavit identified by Mr. Dugan: ███████████████████████████████████████████████████████████████████████████. Gov't Br. at 25–26. The Government, however, fails to address the affidavit's most fatal flaws.

In addition to ███████████████████████████████████████, the search warrant affidavit was also devoid of any evidence that:

███████████████████████████████████████
███████████████████████████████████████

6

███████████████████████████████████████████

Opening Br. at 23–24 (citing JA436–437, JA447–499). The Government's response does not address any of these deficiencies. *See* Gov't Br. at 23–26. Instead, it continues to rely on the fact that the affidavit ██████████████████████ ████████████████████. *See id.* at 25. The affidavit, however, averred that ██ ███████████████████████████████, JA464, and it did not provide ██ ███████████████████████████. *See* JA447–499. Thus, even assuming that the Government was not required to ████████████████████████████ ████, the allegations in the affidavit, taken as a whole, do not justify a finding of probable cause.

Nor does the good faith exception apply. Mr. Dugan repeatedly raised the lack of probable cause and the inapplicability of the good faith exception at the District Court. JA26; JA65–67; JA262; JA435–438. But even if the Government is correct that plain error review applies, Mr. Dugan has shown that an error occurred, that the error was plain, and that this error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Upon making this showing, correction of the error remains within this Court's discretion, which it "should not exercise . . . unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

7

The District Court erred because the affidavit offered in support of the search warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.[2] The Government argues that the affidavit includes indicia of a strong search warrant application, yet it fails to mention that the affidavit ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████. Gov't Br. at 27–28; *see supra* at 6–7. Considering the lack of indicia of probable cause, reliance upon the affidavit was entirely unreasonable, rendering the good faith exception inapplicable.

The error was also plain. An error is plain when it is "clear or, equivalently, obvious" under current law. *Olano*, 507 U.S. at 734 (cleaned up). The Supreme Court held in *United States v. Leon*, 468 U.S. 897 (1984), that the good faith exception does not apply where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," as is the case here. *Id.* at 923. Thus, it is clear that the good faith exception did not apply to the search of Mr. Dugan's residence.

---

[2] The Government's response focuses only on the application of the good faith exception to the search of Mr. Dugan's residence. *See* Gov't Br. at 26–28. The Government does not dispute Mr. Dugan's contention that the good faith exception is inapplicable to the ███████████████████████████████. *Compare* Opening Br. at 25–26, *with* Gov't. Br. at 26–28.

8

This error affected Mr. Dugan's substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. The requirement that the error affect substantial rights "typically means that the defendant is prejudiced by the error in that it affected the outcome of the proceedings." *United States v. Rolle*, 204 F.3d 133, 138 (4th Cir. 2000). Had Mr. Dugan prevailed on his motion to suppress, there would have been no incriminating evidence to show the jury. *See* Opening Br. at 28–29. Moreover, it is constitutionally mandated that a warrant be supported by probable cause to preserve citizens' right to privacy. *See Berger v. State of N.Y.*, 388 U.S. 41, 53 (1967) ("The security of one's privacy against arbitrary intrusion by the police—which is at the core of the Fourth Amendment—is basic to a free society."); *Camara v. Mun. Court*, 387 U.S. 523, 528 (1967) ("The basic purpose of [the Fourth Amendment], as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials."). Accordingly, this Court should reverse the denial of Mr. Dugan's motion to suppress and reverse Mr. Dugan's conviction.

### III. The District Court erred when it ordered Mr. Dugan to pay $22,000.00 in restitution.

As Mr. Dugan explained in his opening brief, the District Court erred in ordering more than $3,000.00 in restitution to Jenny, Patty, and April. In its response, the Government does not dispute that restitution is proper under 18 U.S.C. § 2259 *only* to the extent that a defendant's conduct proximately causes a victim's

9

loss. *See* Gov't. Br. at 29. Yet the Government fails to identify a shred of evidence demonstrating that any of Jenny, Patty, or April's losses were actually caused by Mr. Dugan.

The Government relies, instead, on ███████████████████, all of which contain no mention whatsoever of Mr. Dugan. *Id.* at 31–34. To be sure, these documents illustrate ███████████████████████████. They also fail to tie any of that harm to Mr. Dugan.

Next, the Government relies on a federal case and a report from the United States Sentencing Commission discussing the role of those who consume child pornography to argue that Mr. Dugan's "causal role in these victims' losses cannot be understated." *Id.* at 35. These, too, contain no mention of Mr. Dugan—or of Jenny, Patty, or April. Accordingly, they get the Government no closer to demonstrating that it met its burden of proving by a preponderance of the evidence that Mr. Dugan proximately caused these victims' losses.

Finally, the Government relies on the District Court's statement that it "did its 'best'" in calculating the restitution award. *Id.* at 35. Mr. Dugan, of course, does not dispute this proposition. It does not mean, however, that the District Court's restitution order reflects Mr. Dugan's role "in the causal process that underlies the victim's losses" or that the United States met its burden of quantifying by a preponderance of the evidence the victims' losses resulting from Mr. Dugan. *See* 18

10

U.S.C. § 2259(b)(2)(B); 18 U.S.C. § 3664(e). Indeed, the restitution order plainly does not: it fails to provide any basis for ordering more than $3,000.00 in restitution to any victim, any rationale for treating those victims differently, or any explanation of how the Government established the amount of the victims' losses with reasonable certainty and by a preponderance of the evidence. *See* JA426–430.

Accordingly, if this Court does not reverse Mr. Dugan's conviction, it should reverse the restitution award. As the Government puts it, "Courts are based on evidence. We have to have evidence." Gov't Br. at 22.

/s/ Shawn A. Morgan
Shawn A. Morgan (WV #6640)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304) 933-8000
Facsimile: (304) 993-8183
Shawn.Morgan@steptoe-johnson.com
*Counsel for Appellant*

11

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [2,625] words.

    [ ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2016*] in [*14pt Times New Roman*]; or

    [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: November 3, 2023                             /s/ Shawn A. Morgan
                                                                     *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 3rd day of November, 2023, I caused this Redacted Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Holly J. Wilson
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
300 Virginia Street, E.
Charleston, West Virginia 25301

*Counsel for Appellee*

The Redacted Reply Brief of Appellant has been served by email with consent of counsel.

/s/ Shawn A. Morgan
*Counsel for Appellant*