

United States Department of Justice

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*

*1-800-659-8726*
*304-345-2200*
*FAX: 304-347-5104*

July 15, 2024

Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re: Supplemental Authority in *United States v. Dugan*, 22-4642

Dear Ms. Anowi:

Pursuant to Rule 28(j), this letter informs the Court of recently announced authority, *United States v. Zackary Sanders*, 22-4242, ___ F.4th ___, 2024 WL 3333978 (4th Cir. July 9, 2024). *Sanders* is factually analogous and is dispositive of two issues in this appeal: whether probable cause supported the search warrant and whether the district court properly denied the motion to compel.

This Court in *Sanders* determined that probable cause supported a premises search warrant nearly identical to that in this case. The Court reasoned that although the warrant "relied on a single instance of accessing child pornography on the [target] website, the requisite affirmative steps to access that website and the pornographic material thereon strongly suggest[ed] that the Internet user knew that such content was located on the site and had actively sought out such material." *Sanders*, 2024 WL 3333978, at *10. Like here, the affidavit in *Sanders* included information that the "IP address not only accessed a TOR hidden service . . . but had 'accessed online child sexual abuse and exploitation material' using that site"; that "[t]o access the website's illegal material, a user had to engage in several affirmative steps, including using the TOR browser, locating the obscure web address, and registering an account with [the target website]"; and that "the chain of affirmative steps ma[de] [defendant's] innocent explanations for accessing the abuse and exploitation material very doubtful." *Id.* at *11. For the same reasons, probable cause supports the search warrant here.

This Court also determined that the district court did not abuse its discretion in denying the defendant's motion to compel under Rule 16. *Id.* at *12-*13. The defendant "did not present sufficient facts" indicating that discovery into whether the foreign law enforcement agency interfered with a U.S. computer "would have actually helped prove his defense." *Id.* at *13. The affidavits and expert declarations the defendant submitted in support were contradicted by evidence by the United States. *Id.* Here, appellant has even less. Appellant did not submit *any* evidence in support of his theories below.

Based on *Sanders*, this Court should affirm.

Respectfully,

WILLIAM S. THOMPSON
United States Attorney

By:  *s/ Holly J. Wilson*
HOLLY J. WILSON
Assistant United States Attorney

cc: Ms. Shawn Morgan, Esq. via email and ECF